**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AHD HAMAYEL,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE HEALTH AND HOSPITALS CORPORATION, WILLIAM H. JOHNSON, and ROBERT OWENS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>Case No.<br><br>JURY DEMAND |

**COMPLAINT**

NOW COMES Plaintiff, AHD HAMAYEL (hereinafter "Plaintiff"), by and through her attorneys, Blaise & Nitschke, P.C., and complains against ADVOCATE HEALTH AND HOSPITALS CORPORATION (hereinafter "Advocate"), WILLIAM H. JOHNSON (hereinafter "Johnson"), and ROBERT OWENS (hereinafter "Owens") (collectively referred to herein as "Defendants"). In furtherance whereof, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") for the matters herein alleged. *See* Charge of Discrimination, attached hereto and incorporated herein as Exhibit A.

2. The charge of discrimination resulted in the EEOC issuing Plaintiff a Dismissal and Notice of Rights (hereinafter "Right to Sue") on or about November 6, 2018. Pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff has ninety (90) days from the day of receipt of

said “Right to Sue” Letter in which to file suit. This Complaint was filed within the ninety-day window.

3. Plaintiff brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*., and the Civil Rights Act of 1991; the 775 ILCS 5/ Illinois Human Rights Act based on sex; and retaliatory discharge under Common Law.

4. This Court has jurisdiction pursuant to the following statutes:

a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States;

b. 28 U.S.C. §1343(a) (3) and (4), which gives district courts’ jurisdiction over actions to secure civil rights extended by the United States government; and

c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

5. Venue is appropriate in this judicial district under 28 U.S.C. §1391 (b) because the events that gave rise to Plaintiff’s claims occurred principally within this district.

**PARTIES**

6. Plaintiff, AHD HAMAYEL, is an individual, and at all times mentioned in this Complaint, was domiciled in Cook County, Illinois. At all times relevant hereto, Plaintiff was a pregnant female and an employee of Defendant. Plaintiff is an employee within the meaning of the Americans with Disabilities Act of 1990, Title VII, EEOC, and the Illinois Human Rights Act.

7. Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, is an Illinois Not-for-Profit corporation and maintains a registered agent for service of process in the

State of Illinois, namely Michael E. Kerns, 3075 Highland Parkway #600, Downers Grove, Illinois 60515. *See* Corporation File Detail Report for Advocate, attached hereto and incorporated herein as Exhibit B. Defendant is an employer within the meaning of the Americans with Disabilities Act of 1990, Title VII, EEOC, and the Illinois Human Rights Act.

8. Defendant, WILLIAM H. JOHNSON, is an individual and at all times relevant hereto, was an employee of Advocate within the meaning of the Americans with Disabilities Act of 1990, Title VII, EEOC, and the Illinois Human Rights Act.

9. Defendant, ROBERT OWENS, is an individual and at all times relevant hereto, was an employee of Advocate within the meaning of the Americans with Disabilities Act of 1990, Title VII, EEOC, and the Illinois Human Rights Act.

10. Advocate had actual and/or constructive knowledge of the acts of its employee(s) described herein, and ratified, approved, joined in, acquiesced in, and/or authorized such conduct by its employees. Advocates' employees were acting in the course and/or scope of their employment with Advocate in committing the conduct described herein. As a result, Advocate should be held liable for the actions and/or omissions complained of herein on a *respondeat superior* theory of liability.

**STATEMENT OF FACTS**

11. On or about February 7, 2016, Plaintiff began her employment with Advocate as an Environmental Services Tech I.

12. Plaintiff's job duties included cleaning throughout the hospital campus at Advocate Christ Medical Center in Oak Lawn, Illinois.

13. Throughout the course of her employment with Advocate, Plaintiff's performance summaries have indicated that she either meets or exceeds expectations. *See* Performance Pathways Summaries, attached hereto and incorporated herein as Group Exhibit C.

14. On or about December 25, 2016, Plaintiff received a "Merit Increase" in her hourly wages, and her Performance Review Score indicated that she "[m]eets expectations." *See* Salary and Performance History dated December 25, 2016, attached hereto and incorporated herein as Exhibit D.

15. Plaintiff was pregnant during 2016, and did not require or request any on-going accommodations as she suffered no complications and/or adverse symptoms with this pregnancy.

16. On or about February 2017, Plaintiff learned that she was once again pregnant.

17. On or about March 2017, Plaintiff received a thank you card from her supervisor, William Johnson that reads, "Thanks For doing a Great Job!" further illustrating Plaintiff's exceptional performance on the job, attached hereto and incorporated herein as Exhibit E.

18. On or about May 31, 2017, Plaintiff received another "Merit Increase" in her hourly wages, and her Performance Review Score indicated that she "[e]xceeds expectations." *See* Salary and Performance History dated May 31, 2017, attached hereto and incorporated herein as Exhibit F.

19. On or about June 2017, Plaintiff began to experience adverse symptoms as a result of her pregnancy, including but not limited to, fatigue and began requiring more frequent breaks as a result of the adverse symptoms of her pregnancy. As a result of these adverse symptoms, Plaintiff informed Johnson that she needed to have additional breaks. In response to Plaintiff's accommodation request, Johnson stated that additional breaks "were not a problem" and that Plaintiff was permitted to sit and take additional breaks anytime she needed. Johnson

further informed Plaintiff she could go home and/or to the Emergency Room when necessary. During this conversation, Johnson never requested any form of formal documentation to analyze and/or substantiate Plaintiff's requests for reasonable accommodations.

20. On or about July 2017, Plaintiff hand-delivered her first formal written accommodation request (hereinafter the "First Formal Written Request") from her doctor to her manager, Defendant Johnson, at the start of her shift, attached hereto and incorporated herein as Exhibit G.

21. Johnson accepted the First Formal Written Request from Plaintiff. At no point during his acceptance of the First Formal Written Request did he refer Plaintiff to contact the Human Resource Department (hereinafter "HR") or ask for additional documentation.

22. On or about August 9, 2017 and August 11, 2017, Plaintiff took additional breaks pursuant to the First Formal Written Request for accommodation previously tendered to Defendants.

23. On or about August 9, 2017, at the end of Plaintiff's shift, Plaintiff informed Mark, her other supervisor, about her additional break she took that day (that ultimately resulted in her unlawful termination) and he said it was "not a problem."

24. After Jennifer Losurdo (hereinafter "Losurdo") and Defendant Owens questioned Ms. Hamayel shortly after August 11, 2017 regarding her additional breaks, Plaintiff hand-delivered the second formal written request for accommodation in the form of an additional doctor's note (hereinafter the "Second Formal Written Request") to Owens which both verified her pregnancy and reiterated her request for accommodations. *See* Letter dated on or about August 26, 2017, attached hereto and incorporated herein as Exhibit H.

25. Plaintiff's Second Formal Written Request reiterated that Plaintiff was "required to limit her weight [to] no more than 15lb and…needs extra break time during her working time for the remainder of her pregnancy term." *See* Exhibit H.

26. Owens did not instruct Plaintiff to give the Second Formal Written Request to Losurdo nor any other member of HR.

27. No other employee, including Losurdo, Owens, and Johnson, informed Plaintiff to contact HR directly regarding her need for ongoing accommodations.

28. Plaintiff reasonably assumed that her managers had taken the appropriate steps with regard to her multiple requests for accommodations.

29. Plaintiff's personnel file reflects excellent performance reviews and no counseling for failure to meet productivity standards until after her First Formal Written Request for accommodation was made.

30. On or about August 29, 2017, as a result of her condition with her pregnancy, Plaintiff's employment with Advocate was unlawfully terminated in violation of Title VII, the Americans with Disabilities Act, Retaliatory Discharge, and the Illinois Human Rights Act.

**COUNT I**
**FAILURE TO MAKE REASONABLE ACCOMMODATIONS**
**Americans With Disabilities Act Of 1990, 42 U.S.C. § 12101, *et seq.***

31. Plaintiff re-alleges and incorporates paragraphs 1-30 of this Complaint as though fully set forth herein.

32. Plaintiff was, at all times relevant hereto, an "employee" and a "qualified individual" as defined by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111(4) and (8).

33. Advocate is and was, at all times relevant hereto, a "covered entity" and an "employer" as defined by the ADA, 42 U.S.C. § 12111(2) and (5).

34. "Under the ADA, a failure to make reasonable accommodations for a known disability constitutes unlawful discrimination. 42 U.S.C. §§ 12112(b)(5)(A), 12112(a). In order to prevail on this claim, [plaintiff] must show: "(1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." *EEOC v. Sears, Roebuck & Co.,* 417 F.3d 789, 797 (7th Cir. 2005) (citing *Hoffman v. Caterpillar, Inc.,* 256 F.3d 568, 572 (7th Cir. 2001))." *Mobley v. Allstate Insurance Co.*, 531 F.3d 539, 545 (7th Cir. 2008).

35. "[A] pregnancy-related impairment that substantially limits a major life activity is a disability under the first prong of the definition." 29 C.F.R. Part 1630, App. § 1630.2(h).

36. "[W]here a medical condition arises out of a pregnancy and causes an impairment separate from the symptoms associated with a healthy pregnancy, or significantly intensifies the symptoms associated with a healthy pregnancy, such medical condition may fall within the ADA's definition of a disability." *Mayorga v. Alorica, Inc.*, 2012 WL 3043021, at *5.

37. At all times relevant hereto, Plaintiff had a pregnancy-related impairment that substantially limited Plaintiff's major life activities, including but not limited to, "performing manual tasks…walking, standing, lifting, bending…and working." 42 U.S.C. § 12102(2)(A).

38. On or about June 2017, Plaintiff informed Johnson that she needed to have additional breaks as a result of the adverse symptoms of her pregnancy.

39. On two separate occasions in July 2017 and August 2017, Plaintiff submitted written requests for reasonable accommodations pursuant to the ADA.

40. Starting in June 2017, Advocate, through its employees, namely Defendants Johnson and Owens, was aware of Plaintiff's need for and request for accommodations.

41. Defendants knew of Plaintiff's pregnancy-related medical condition, knew that Plaintiff's doctor required Plaintiff to limit herself to lifting nothing heavier than 15 pounds, and knew that Plaintiff's doctor required her to take extra breaks during the work day. *See* Exhibit H.

42. The accommodations Plaintiff requested were reasonable, would not have interfered with the quality of her work, and would not have imposed an "undue hardship" on Defendants as defined by the ADA. 42 U.S.C. § 12111(10).

43. Rather than providing reasonable accommodations to Plaintiff by limiting the amount she had to lift and/or carry to 15 pounds or less and provide Plaintiff additional breaks during the workday, Advocate unlawfully terminated Plaintiff due to her pregnancy-related medical condition on or about August 29, 2017.

44. As a direct and proximate result of Defendants' violation of the Americans with Disabilities Act, Plaintiff lost her job, lost wages, lost employment benefits, and suffered from the emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

## COUNT II
## DISPARATE TREATMENT ON THE BASIS OF DISABILITY
**Americans With Disabilities Act Of 1990, 42 U.S.C. § 12101, *et seq.***

45. Plaintiff re-alleges and incorporates paragraphs 1-44 of this Complaint as though fully set forth herein.

46. Plaintiff was, at all times relevant hereto, an "employee" and a "qualified individual" as defined by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111(4) and (8).

47. Advocate is and was, at all times relevant hereto, a "covered entity" and an "employer" as defined by the ADA, 42 U.S.C. § 12111(2) and (5).

48. "Plaintiff must show: (1) that she is disabled within the meaning of the ADA; (2) that she is qualified to perform the essential functions of the job with or without accommodation; and (3) that she has suffered an adverse employment action because of her disability. *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 683 (7th Cir. 2014)." *Johnson v. City of Chicago Board of Education*, 142 F. Supp. 3d 675, 684 (N.D. Ill. 2015).

49. "[A] pregnancy-related impairment that substantially limits a major life activity is a disability under the first prong of the definition." 29 C.F.R. Part 1630, App. § 1630.2(h).

50. "[W]here a medical condition arises out of a pregnancy and causes an impairment separate from the symptoms associated with a healthy pregnancy, or significantly intensifies the symptoms associated with a healthy pregnancy, such medical condition may fall within the ADA's definition of a disability." *Mayorga v. Alorica, Inc.*, 2012 WL 3043021, at *5.

51. At all times relevant hereto, Plaintiff had a pregnancy-related impairment that substantially limited Plaintiff's major life activities, including but not limited to, "performing manual tasks…walking, standing, lifting, bending…and working." 42 U.S.C. § 12102(2)(A).

52. On or about December 25, 2016, Plaintiff received a "Merit Increase" in her hourly wages, and her Performance Review Score indicated that she "[m]eets expectations." *See* Exhibit D.

53. On or about March, 2017, Plaintiff received a Thank You card from Johnson further illustrating her exceptional performance on the job. *See* Exhibit E.

54. On or about May 31, 2017, Plaintiff received another "Merit Increase" in her hourly wages, and her Performance Review Score indicated that she "[e]xceeds expectations." *See* Exhibit F.

55. Plaintiff's personnel file reflects excellent performance reviews and no counseling for failure to meet productivity standards until after her First Formal Written Request for accommodation was made.

56. On or about June 2017, Plaintiff informed Johnson that she needed to have additional breaks as a result of the adverse symptoms of her pregnancy.

57. On two separate occasions in July 2017 and August 2017, Plaintiff submitted written requests for reasonable accommodations pursuant to the ADA.

58. Starting in June 2017, Advocate, through its employees, namely Defendant Johnson and Owens, was aware of Plaintiff's need for and request for accommodations.

59. The accommodations Plaintiff requested were reasonable and would not have interfered with the quality of her work.

60. On or about August 29, 2017, as a result of her pregnancy, Plaintiff's employment with Advocate was unlawfully terminated.

61. As a direct and proximate result of Defendants' violation of the Americans with Disabilities Act, Plaintiff lost her job, lost wages, lost employment benefits, and suffered from the emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

**COUNT III**
**EMPLOYMENT DISCRIMINATION - RETALIATION**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3**

62. Plaintiff re-alleges and incorporates paragraphs 1-61 of this Complaint as though fully set forth herein.

63. Plaintiff was, at all times relevant hereto, an "employee" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e)(f).

64. Advocate is and was, at all times relevant hereto, an "employer" as defined by the Title VII, 42 U.S.C. § 2000(e)(b).

65. "To plead a retaliation claim under Title VII, a plaintiff must demonstrate that an employee engaged in a protected activity and that the employee faced an adverse action by her employer as a result of that activity." *Borders v. Wal-Mart Stores, Inc.*, No. 17-cv-0506-MJR-DGW, 2018 U.S. Dist. LEXIS 138830, at *21 (S.D. Ill. Mar. 29, 2018), citing *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017).

66. The *Borders* Court further expounded on what constitutes a protected activity:

> "One way to establish that an employee engaged in a statutorily protected activity is to demonstrate that the employee requested an accommodation. *See Porter v. City of Chicago*, 700 F.3d 944 (7th Cir. 2012)(requesting a religious accommodation accepted as a statutorily protected activity under Title VII); *Preddie v. Bartholomew Consolidated School Corp.*, 799 F.3d. 806, 814-15 (7th Cir. 2015) (Under the ADA, an "element of both the indirect and direct methods of proof is that ... [the employee] must have engaged in a statutorily protected activity—in other words, he must have asserted his rights under the ADA by either seeking an accommodation or raising a claim of discrimination due to his disability."); *See also Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008)(finding requests for accommodations to be protected activity)."

*Borders v. Wal-Mart Stores, Inc.*, No. 17-cv-0506-MJR-DGW, 2018 U.S. Dist. LEXIS 138830, at *22 (S.D. Ill. Mar. 29, 2018).

67. The Court in *Cassimy v. Board of Education* agreed that the plaintiff "engaged in statutorily protected expression when he requested an accommodation," even if the plaintiff were not disabled. *Cassimy v. Board of Education*, 461 F.3d 932, 938 (7th Cir. 2006).

68. On or about June 2017, Plaintiff informed Johnson that she needed to have additional breaks as a result of the adverse symptoms of her pregnancy.

69. On two separate occasions in July 2017 and August 2017, Plaintiff submitted requests for reasonable accommodations pursuant to the ADA, a statutorily protected activity under Title VII. *Id.*

70. Starting in June 2017, Advocate, through its employees, namely Defendants Johnson and Owens, was aware of Plaintiff's need for and request for accommodations.

71. Despite Plaintiff's supervisor(s) having received these requests from Plaintiff in-person and in writing, Defendant not only failed to make the accommodations, but used Plaintiff's need for reasonable accommodations to justify terminating her employment.

72. As a direct and proximate result of Defendants' retaliation under Title VII, Plaintiff lost her job, lost wages, lost employment benefits, and suffered from the emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

**COUNT IV**
**DISCRIMINATION ON THE BASIS OF SEX**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*,**
**as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k)**
**(*Plead in the Alternative to Count II)***

73. Plaintiff re-alleges and incorporates paragraphs 1-72 of this Complaint as though fully set forth herein.

74. Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and the Civil Rights Act of 1991.

75. Plaintiff has filed this cause pursuant to a Right to Sue issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is incorporated herein and attached hereto as Exhibit I.

76. The prima facie case for Discrimination based on sex requires a showing that: 1) Plaintiff is a member of the protected class; 2) she satisfactorily performed her duties; 3) defendant terminated her; and 4) defendant treated other persons not in the protected class more favorably. *Wolz v. Deaton-Kennedy Co.*, No. 98 C 6610, 2001 U.S. Dist. LEXIS 8462, at *10 (N.D. Ill. June 19, 2001).

77. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

78. Plaintiff, at all times pertinent hereto, was a pregnant female and an employee of Defendant.

79. Defendants, at all times pertinent hereto, operated and did business within the venue and jurisdiction of this judicial circuit and was an employer pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

80. On or about December 25, 2016, Plaintiff received a "Merit Increase" in her hourly wages, and her Performance Review Score indicated that she "[m]eets expectations." *See* Exhibit D.

81. On or about March 2017, Plaintiff received a Thank You card from Johnson illustrating her exceptional performance on the job. *See* Exhibit E.

82. On or about May 31, 2017, Plaintiff received another "Merit Increase" in her hourly wages, and her Performance Review Score indicated that she "[e]xceeds expectations." *See* Exhibit F.

83. On or about June 2017, Plaintiff informed Johnson that she needed to have additional breaks as a result of the adverse symptoms of her pregnancy.

84. On or about July 2017, Plaintiff hand-delivered the First Formal Written Request for accommodations due to her pregnancy to her manager, Defendant Johnson, at the start of her shift.

85. On or about August 2017, Plaintiff hand-delivered her Second Formal Written Request for accommodation to Owens which both verified her pregnancy and reiterated her request for accommodations.

86. Plaintiff's personnel file reflects excellent performance reviews and no counseling for failure to meet productivity standards until after her First Formal Written Request for accommodation was made.

87. The accommodations Plaintiff requested were reasonable and would not have interfered with the quality of her work.

88. On or about August 29, 2017, as a result of her pregnancy, Plaintiff's employment with Advocate was unlawfully terminated.

89. Plaintiff was subjected to discrimination due to her sex.

90. Similarly situated employees of Defendants who are not pregnant females have not been and would not be treated in the same discriminatory manner.

91. Because similarly situated non-pregnant female employees of Defendants have not been and were not treated in the same discriminatory manner, the actions of Defendants to

which Plaintiff was subjected amount to disparate treatment based on her sex and Plaintiff was discriminated against under Title VII.

92. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff has experienced injury to her career as well as emotional pain, suffering, and other non-pecuniary losses for which she is entitled to compensatory and other damages pursuant to 42 U.S.C. § 1981a.

**COUNT V**
**RETALIATORY DISCHARGE UNDER COMMON LAW**

93. Plaintiff re-alleges and incorporates paragraphs 1-92 of this Complaint as though fully set forth herein.

94. At all material times, it was the clearly mandated public policy of the State of Illinois to protect its citizens from retaliatory discharge.

95. On or about June 2017, Plaintiff informed Johnson that she needed to have additional breaks as a result of the adverse symptoms of her pregnancy.

96. On or about July 2017, Plaintiff hand-delivered the First Formal Written Request for accommodations due to her pregnancy to her manager, Defendant Johnson, at the start of her shift.

97. On or about August 2017, Plaintiff hand-delivered her Second Formal Written Request for accommodation to Owens which both verified her pregnancy and reiterated her request for accommodations.

98. Plaintiff's personnel file reflects excellent performance reviews and no counseling for failure to meet productivity standards until after her First Formal Written Request for accommodation was made.

99. On or about August 29, 2017, as a result of her pregnancy, Plaintiff's employment with Advocate was unlawfully terminated.

100. At all times relevant herein, Defendants had the duty to refrain from retaliating against Plaintiff for reasons that violate the clear mandate of public policy in the State of Illinois.

101. Defendants' actions were willful and wanton and in reckless disregard for the lawful rights and interests of Plaintiff.

102. As a direct and proximate result of Defendants' retaliation, Plaintiff lost her job, lost wages, lost employment benefits, and suffered from the emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

**COUNT VI**
**EMPLOYMENT DISCRIMINATION DUE TO PREGNANCY**
**Illinois Human Rights Act, 775 ILCS 5/2-102(I) and (J)**

103. Plaintiff re-alleges and incorporates paragraphs 1-102 of this Complaint as though fully set forth herein.

104. 775 ILCS 5/6-101(A) provides an action for damages in favor of anyone whose rights in employment have been violated due to retaliation against them for asserting rights protected under those statutes.

105. Not until after Plaintiff requested reasonable accommodations due to her pregnancy complications did she receive adverse employment actions.

106. On or about June 2017, Plaintiff informed Johnson that she needed to have additional breaks as a result of the adverse symptoms of her pregnancy.

107. On two separate occasions in July 2017 and August 2017, Plaintiff submitted written requests for reasonable accommodations as a result of the adverse symptoms of her pregnancy.

108. Plaintiff's personnel file reflects excellent performance reviews and no counseling for failure to meet productivity standards until after her First Formal Written Request for accommodation was made.

109. The accommodations Plaintiff requested were reasonable and would not have interfered with the quality of her work.

110. On or about August 29, 2017, as a result of her pregnancy, Plaintiff's employment with Advocate was unlawfully terminated.

111. Plaintiff would not have suffered these adverse employment actions but for her requests for accommodation due to her pregnancy.

112. This retaliation for requesting reasonable accommodations violated her rights to be free from discrimination on account of pregnancy, in violation of 775 ILCS 5/2-102(I) and (J).

113. Defendants, by their acts and omissions as pled in this Complaint, discriminated against Plaintiff based on her pregnancy in violation of the Illinois Human Rights Act.

114. As a direct and proximate result of Defendants' retaliation, Plaintiff lost her job, lost wages, lost employment benefits, and suffered from the emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, AHD HAMAYEL, by and through her attorneys, Blaise & Nitschke, P.C., prays this Honorable Court enter judgment in favor of Plaintiff and against Defendants, in an amount to be proven at trial and such other relief as the Court deems just, proper, and equitable, including but not limited to:

A. That the Court order Defendants to reinstate Plaintiff's employment;

B. That the Court grant full front pay to the Plaintiff;

C. That the Court grant full back pay to the Plaintiff;

D. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

E. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

F. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

G. That the Court grant Plaintiff expenses of litigation, including reasonably attorneys' fees, pursuant to the Title VII and/or 42 U.S.C. Section 1988 and/or 42 U.S.C. § 12101, *et seq.* and/or 775 ILCS 5/2-102; and/or retaliatory discharge; and

H. Such other and further relief as this court deems appropriate.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all matters so triable.

Respectfully submitted,
Ahd Hamayel,

By: */s/ Lana B. Nassar*
One of her attorneys

Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
lnassar@blaisentischkelaw.com
ARDC No. 6319396